HENRY LAWRENCE, PLAINTIFF IN ERROR, V. MATILDA CURTIS, DEFENDANT IN ERROR.

**Jurisdiction of Justice.** In an action of replevin commenced in 1880, before a justice of the peace, the property was delivered to the plaintiff. On the trial the jury found that the plaintiff was entitled to the possession only of the property, and that the value of such possession was $107.50. The justice thereupon rendered judgment in favor of the plaintiff for costs. *Held*, That the justice had jurisdiction.

ERROR to the district court for York county. Tried below before POST, J.

*Sedgwick & Power*, for plaintiff in error.

*Montgomery & Harlan*, for defendant in error.

MAXWELL, J.

This is an action of replevin commenced in July, 1880, before a justice of the peace of York county, to recover the possession of an iron safe. There is no copy of the appraisement set out in the record, but the undertaking was taken in the sum of $110. The property was then delivered to the plaintiff. On the trial of the cause the jury returned the following verdict: "We, the jury, in the above entitled case, duly impaneled and sworn, find that the right of possession of said property only, when this action was commenced, was in the plaintiff, and assess the value of said possession at $107.50. One hundred and seven $\frac{50}{100}$ dollars." The court thereupon rendered judgment, to which the defendant excepted. The case was taken on error to the district court, where the judgment of the justice was reversed and the cause retained for trial.

Sec. 1037 of the code provides that: "The officer shall not deliver to the plaintiff, his agent, or attorney, the property so taken, until there has been executed, by one or more sufficient sureties of the plaintiff, a written undertaking to the defendant, in at least double the value of the property taken, but in no case less than fifty dollars, to the effect that the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him."

Sec. 1038 provides that: "For the purpose of fixing the amount of the undertaking, the value of the property taken shall be ascertained by the oath of two responsible persons, whom the officer shall swear truly to assess the value thereof."

Sec. 1039, as it existed at the time this case was tried,

Lawrence v. Curtis.

read as follows: "Whenever the appraised value of the property so taken shall exceed one hundred dollars, the justice shall certify the proceedings upon the said writ to the district court of his county, and thereupon shall file the original papers, together with a certified transcript of his docket entries in the clerk's office of said court; the case there to be proceeded in as if said suit had commenced in said court."

The principal error relied upon is that the justice erred in rendering judgment on the verdict. The property had been returned to the plaintiff, so that the justice did not render judgment for $107.50, but merely for costs without damages. Neither did the jury find the value of the property, but the value of the possession. It is stated that this possession consisted of a special ownership as mortgagee. If so, the jury should have found the facts. But the failure to do so can make no difference in this case. The effect of the verdict is that the plaintiff's claim upon the property amounts to the sum of $107.50. This may have exceeded the value of the property, and probably did, as the appraisers' estimate probably was one half of the amount stated in the undertaking, viz., $55. The justice therefore had jurisdiction, and the district court erred in reversing his judgment. The judgment of the district court is reversed, and that of the justice reinstated.

JUDGMENT ACCORDINGLY.